UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN COLIN PARTRIDGE, et al., | Case No: C 12-6373 SBA |
| Plaintiffs, | **ORDER** |
| vs. | Docket 9, 20 |
| JANET NAPOLITANO, Secretary of the U.S. Department of Homeland Security, et al., | |
| Defendants. | |

  The parties are presently before the Court on Defendants' motion to stay the instant action pending the United States Supreme Court's decision in United States v. Windsor, No. 12-307. Dkt. 9. Defendants contend that a stay is warranted because the Supreme Court "will likely decide . . . the primary question presented in the present litigation, whether Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7 ("DOMA") is consistent with the equal protection component of the Fifth Amendment." Id. Plaintiffs have filed a statement of non-opposition. Dkt. 21. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

  Federal district courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co.,

299 U.S. 248, 254, 57 (1936).  Where there is an independent proceeding related to a matter before the trial court, the Court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case."  Mediterranean Enters., Inc. v. Ssanyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, the Court is to consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Landis, 299 U.S. at 254.  A district court's decision to grant or deny a stay is a matter of discretion.  See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  The party seeking a discretionary stay bears the burden of proving that a stay is warranted.  See Clinton v. Jones, 520 U.S. 681, 708 (1997).

Here, it is undisputed that the Supreme Court's ruling on the constitutionality of Section 3 of DOMA will resolve the "primary question presented in the present litigation."  See Compl. ¶ 36.  Thus, the Court finds that a stay pending resolution of Windsor is appropriate.  A stay will aid in the speedy resolution of this action by simplifying the issues before the Court.  A stay will also promote judicial economy and conserve the resources of the parties, and will not impose an inequity on any party.  Accordingly,

IT IS HEREBY ORDERED THAT

1. Defendants' unopposed motion to stay is GRANTED.  All proceedings in this action are STAYED and all current deadlines are VACATED until the Supreme Court decides Windsor.  The Clerk shall close the instant action during the pendency of the stay.  Within seven (7) days of the Supreme Court's decision in Windsor, the parties shall file a joint request to reopen the case.

2. The Bipartisan Legal Advisory Group of the U.S. House of Representatives' pending motion to intervene is DENIED without prejudice to renewal upon the reopening of this action.

3. This Order terminates Docket 9 and Docket 20.

IT IS SO ORDERED.

Dated: 5/8/13

                                            _____
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge